**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**LAQUICIA HODGES**                                                                       **PLAINTIFF**

**VERSUS**                                                                **CIVIL ACTION NO. 2:05CV103-P-B**

**THE HARTFORD INSURANCE**
**COMPANY, et al**                                                                     **DEFENDANTS**

**MEMORANDUM OPINION**

This cause is before the Court on plaintiff's Motion to Remand [10]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

Laquicia Hodges filed a complaint in the Circuit Court of Bolivar County, Second Judicial District on October 29, 2004. The complaint named Hodges' employer, Retzer Resources (hereafter "Rezter"), and Hartford Insurance Company, Retzer's purported workers' compensation carrier, as defendants and asserted a right of recovery for bad faith failure to pay certain medical bills associated with an October 31, 2004 work related injury.

Plaintiff served Retzer with the complaint on November 3, 2004. Hodges never obtained service on Hartford Insurance Company because no such entity existed. On April 20, 2005, plaintiff filed an amended complaint which named Hartford Casualty Insurance Company (hereafter "HCIC") as a defendant. Hodges' attorney faxed HCIC's attorney a courtesy copy of the amended complaint on the same day; plaintiff obtained formal service on HCIC's registered agent on April 28, 2005.

HCIC removed the case to federal court on May 27, 2005, asserting jurisdiction based on 28 U.S.C. § 1332, the diversity statute. The plaintiff filed a timely motion to remand in which she contends that the removal was untimely and that the Court lacks subject matter jurisdiction. The matter has been fully briefed and is ripe for decision.

Hodges is a citizen of Mississippi. HCIC is a corporation organized under the laws of the State of Connecticut and having its principal place of business in a state other than Mississippi. However, as Retzer is a corporation organized under the laws of the State of Mississippi and having its principal place of business in said state, complete diversity is lacking for purposes of subject matter jurisdiction. Hence, the propriety of removal turns on whether Retzer was fraudulently joined for the purpose of defeating federal jurisdiction.[1][2]

## STANDARD OF REVIEW

It is axiomatic that the party seeking removal bears the burden of proving the jurisdictional prerequisites. Where the basis for removal is diversity jurisdiction based on an allegation of fraudulent joinder, the defendant bears a heavy burden in establishing the right to a federal forum. The removing defendant must present clear and convincing evidence of fraudulent joinder in order to avoid remand. Rogers v. Modern Woodmen of America, 1997 WL 206757, *2 (N.D. Miss. 1997). Fraudulent joinder may be proven in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in

---

[1] Plaintiffs concede that the amount in controversy exceeds § 1332's jurisdictional minimum.

[2] The citizenship of a fraudulently joined defendant must be disregarded when considering whether the diversity requirement is satisfied. Badon v. R.J.R. Nabisco Inc., 224 F.3d 382, 389 (5th Cir.2000).

2

state court. Travis v. Irby, 326 F.3d 644 (5th Cir. 2003). Only where a plaintiff cannot posit a reasonable basis for predicting that state law would allow recovery may a defendant prevail on an allegation of fraudulent joinder.

The existence of a cognizable claim is to be determined by reference to the allegations contained in the plaintiff's state court pleadings. Ironworks Unlimited v. Purvis, 798 F. Supp. 1261, 1263 (S.D. Miss. 1992). The Court is also free to pierce the pleadings by considering summary judgment-type evidence such as affidavits and deposition testimony. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990). But in doing so, however, the Court must remain mindful not to overstep its province by transforming the jurisdictional inquiry into one that is merits-based. B, Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In determining whether the joinder of a party was fraudulent, the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff." B., Inc. v. Miller Brewing Co., 663F.2d 545, 549 (5th Cir. 1981). Similarly, any uncertainties in the substantive law must also be resolved in favor of the plaintiff. Head v. United Ins. Co. of America, 966 F. Supp. 455, 457 (N.D. Miss. 1997).

LEGAL ANALYSIS

I.  Fraudulent Joinder

Hodges steadfastly maintains that she has a viable cause of action against Retzer based on its failure to comply with the statutory mandate set forth in Mississippi Code Annotated § 71-3-67(1):

> Within ten (10) days after the fatal termination of any injury, the employer, if self-insured, or its carrier, shall file a report thereof with the commission on a form approved by the commission for this purpose.

3

> In the event of an injury which shall cause loss of time in excess of the waiting period prescribed in Section 71-3-11, <u>a report thereof shall be filed with the commission by the employer or carrier</u>, on a form approved by the commission for this purpose, within ten (10) days after the prescribed waiting period has been satisfied.

Miss. Code Ann. § 71-3-67(1). She asserts a right of recovery for what she characterizes as Retzer's bad faith refusal to file notice of her claim with the Workers' Compensation Commission.[3]

HCIC contends that under the facts pled, and as supplemented by the record, there is no basis under Mississippi law for a recovery against Retzer and that its citizenship should be disregarded for diversity purposes. In the first place, HCIC urges that the duty imposed by § 71-3-67(1) rests on the carrier except where the employer is self-insured. As Retzer's insurer, the duty to give the required notice fell to HCIC and any failure to do so is not chargeable to Retzer.

As a second matter, HCIC urges that any duty imposed by the statute is no different than the larger duty imposed by the Act, e.g., to pay statutorily required benefits–a duty Retzer discharged when it procured appropriate insurance coverage and reported the claim to HCIC for handling. In support of this proposition, HCIC cites to Chief Judge Tom S. Lee's decision in <u>Toney v. Lowery Woodyards</u>, 278 F. Supp.2d 786 (N.D. Miss. 2003). The plaintiff in <u>Toney</u> sued his employer and its workers' compensation carrier for bad faith failure to pay benefits. The carrier removed the case on diversity grounds, asserting the employer had been fraudulently joined inasmuch as it had no involvement in adjusting the claim. Judge Lee concurred:

> [W]hile it is certainly true as a general proposition that there exist circumstances in which Mississippi law recognizes a cause of action against an employer for the denial

---

[3] The only reference to the defendants' failure to file the required notice occurs in the factual portion of plaintiff's amended complaint. Nowhere does she allege that said failure played a role in the alleged torts enumerated in her three count complaint.

4

or nonpayment of workers' compensation benefits, such circumstances do not exist in the case at bar, and remand is not warranted.

Id. at 788-89. The opinion went on to elaborate as follows:

[T]he court rejects as unfounded as a matter of law plaintiff's position that the employer is charged with knowledge of, and resulting liability for the actions of its workers' carrier, even if the employer has not itself actively participated in the acts alleged to constitute malfeasance or bad faith.

Id. at 794.

In the present case, HCIC supported its removal petition with affidavit testimony by Michael Retzer, Retzer's president, wherein he affirmed that:

1. Retzer notified HCIC of Hodges' injury;

2. HCIC acknowledged Retzer's notification of the claim;

3. HCIC handled plaintiff's claim in its entirety;

4. Retzer was never notified of any disputes or unpaid bills;

5. Hartford provided Retzer with no information on the claim;

6. Hartford never consulted Retzer concerning the claim; and

7. Retzer has no knowledge concerning the allegations in the Complaint.

Exhibit C. to Notice of Removal. In light of this evidence, and the plaintiff's failure to rebut with any evidentiary support for her claim against Retzer, the Court finds the arguments advanced by HCIC well-taken and therefore concludes that the resident defendant, Retzer, was fraudulently joined in an effort to defeat diversity jurisdiction.

II. Timeliness of Removal Petition

Plaintiff's motion also urges remand on grounds that HCIC effected the removal in an untimely manner. She contends that the thirty day removal period began to run on November 3,

2004, the day Retzer was served with the complaint. In the alternative, she avers that the removal clock began to run on April 20, 2005, the date HCIC's attorney received a courtesy copy of plaintiff's amended complaint. Both propositions are without merit. Inasmuch as the Court concluded supra that Retzer was fraudulently joined, Retzer cannot fairly be considered a first-served defendant for purposes of removal. Henderson v. Ford Motor Co., 340 F. Supp.2d 722, 724 n. 2 (N.D. Miss. 2004). As a further matter, in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., the Supreme Court held that mere receipt of the complaint without formal service is not enough to trigger the thirty day removal period. 526 U.S. 344, 347 (1999). It therefore follows that the removal period began to run on April 28, 2005, the date upon which HCIC was properly served. HCIC effected the removal in a timely fashion on May 27, 2005.

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that the plaintiff's Motion to Remand [10] is not well-taken and should be denied. An Order will issue accordingly.

This, the 11th day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE