IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LAQUICIA HODGES                                                                                         PLAINTIFF

VERSUS                                              CIVIL ACTION NO.: 2:05CV103-P-B

THE HARTFORD INSURANCE
COMPANY, ET AL.                                                                                      DEFENDANTS

## ORDER

**BEFORE THE COURT** is Plaintiff's unopposed Motion [doc. 32-1] to Compel Discovery From The Hartford Insurance Company ("THIC"). Plaintiff seeks production of four documents THIC declined to produce as part of initial disclosures. THIC's privilege log shows the documents are being withheld pursuant to the attorney-client and work product privileges or as simply confidential and irrelevant. THIC's privilege log neither reveals the authors of the documents nor the dates of their creation.

The party asserting a privilege bears the burden of demonstrating that the information sought is privileged. *See In re Santa Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir. 2001)("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."); *United States v. Miller*, 660 F.2d 563, 570 (5th Cir. 1981) (stating that it is well established that the party asserting the attorney-client privilege has the burden of proof). *See also Hodges, Grant & Kaufmann v. Dep't of the Treasury*, 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of establishing that a document is work product is on the party who asserts the claim. . . ."). Moreover, pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, any party withholding information that is otherwise discoverable on the claim that it is privileged or protected as trial preparation materials must make that claim "expressly" and describe the document or other material in a manner that would enable other parties to assess the applicability of the privilege or protection without revealing the privileged

or protected information itself.  Blanket assertions of privilege "disable the court and the adversary party from testing the merits of the claim of privilege."  *U. S. v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982).

In this case, THIC has failed to sufficiently assert any right to withhold the documents at issue.  Indeed, it did not bother to respond to Plaintiff's Motion to Compel.  Accordingly, the instant Motion is **GRANTED**, and THIC shall produce the documents at issue herein on or before February 16, 2007.

**SO ORDERED** this 8th day of February, 2007.

/s/ Eugene M. Bogen
U.S. MAGISTRATE JUDGE